Seri NEGRI, Respondent,

v.

CONTINENTAL SALES & SERVICE and Travelers Indemnity Company of America, and Treasurer of Missouri as Custodian of Second Injury Fund, Appellants.

No. ED 89092.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 19, 2007.

Jeffrey W. Wright, Catherine Vale Jochens, St. Louis, MO, for Continental Sales & Service and Travelers Indemnity Company.

Harry J. Nichols, St. Louis, MO, for respondent.

Before LAWRENCE E. MOONEY, P.J., BOOKER T. SHAW, J., and NANNETTE A. BAKER, J.

## ORDER

PER CURIAM.

Continental Sales & Service and Travelers Indemnity Co. of America collectively referred to as "Continental," appeal a decision by the Labor and Industrial Relations Commission ("Commission") awarding Seri Negri ("Claimant")[1] the cost of converting a suitable van to wheelchair-accessible upon a finding that the original Claimant's death did not render the issue moot.

Continental claims two points of error. First, Continental claims that the Commission erred in awarding Claimant the cost of converting a suitable van because the mandate of the Court of Appeals specifically stated that the cause was remanded for amended findings as to the determination of the difference between the cost of an average mid-priced automobile of the same year as the purchased van and the cost of the converted van. Secondly, Continental claims that the Commission erred in awarding claimant the cost of converting a suitable van in 2004 in that the liability to furnish compensation for said van had not accrued and become payable at the time of Claimant's death and therefore the issue was moot.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).

1. For the sake of clarity, both Seri Negri, deceased, and his dependent wife Dorothy Negri are referred to interchangeably as Claimant throughout this memorandum.